UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | : | |
|---|---|---|
| In re | : | (Chapter 7) |
| | : | |
| THE NASH ENGINEERING COMPANY, | : | CASE NO. 21-50644-JAM |
| | : | |
| Debtor. | : | October 18, 2023 |
| | : | |
| | : | |

**TRUSTEE'S FIRST REPORT ON COMPLIANCE WITH ORDER ESTABLISHING PROCEDURES FOR SERVICE UPON PERSONAL INJURY CLAIMANTS**

On August 11, 2023, this Court entered its Order Granting in Part Motion for Order to Establish Procedures for Service Upon Personal Injury Claimants [ECF No. 244] (the "Service Procedures Order") establishing requirements for service of notices and pleadings in this case upon asbestos personal injury claimants listed in the Debtor's filed schedules ("Scheduled PI Claimants"). To assist the Court in determining compliance with the Service Procedures Order and to establish the basis for next steps concerning those who have not complied, the Trustee has assembled this Report including, in Schedule A, an alphabetical listing of all Scheduled PI Claimants designating whether and by what means there has been compliance with the Order on behalf of such claimant. A blank next to a claimant's name means there had not been compliance as of the time this report was filed.[1]

1. The Services Procedures Order requires, in summary, that for each Scheduled PI Claimant (all of whom were scheduled with an address in care of a law firm representing such claimant in a prepetition tort suit against the Debtor (for each such claimant, the "Listed Law

---

[1] Concurrently with the filing of this Report, the Trustee has filed an Amended Service List which includes information received by the Trustee as of time of the filing of this report.

13142824v1

Firm")), the Listed Law Firm, not later than the Deadline, take one of five actions designated in the Service Procedures Order:

    (a) **Consent to Service Form.**  The Scheduled PI Claimant signs (with notarization) a consent in the form of Exhibit B to the Service Procedures Order permitting the Listed Law Firm to be served on behalf of the claimant, and the Listed Law Firm files a Consent to Service in the form of Exhibit A to the Order (see Order ¶ 3(A)).  As of the time of the filing of this report, no Scheduled PI Claimant has submitted a Consent to Service form.

    (b) **Electronic Service Request.**  The Scheduled PI Claimant completes and files the Court's local form for electronic service (see Order ¶ 2(A)).   As of the time of the filing of this report, no Scheduled PI Claimant has submitted an Electronic Service Request.[2]

    (c) **Notice of Appearance.**  A lawyer admitted before the Court files an appearance on behalf of the Scheduled PI Claimant (see Order ¶ 2(CAs of the date of the filing of this Report, no notice of appearance has been filed on behalf of a Scheduled PI Claimant.

    (d) **Proof of Claim.**  A bankruptcy proof of claim form is completed and filed by or on behalf of the Scheduled PI Claimant (see Order ¶ 2(B)).  Claimants for whom compliance has been accomplished by this means are designated in Schedule A as "POC Filed."

    (e) **Last-Known Address.**  The Listed Law Firm supplies the Trustee with the Scheduled PI Claimant's name and last-known address (see Order ¶ 3(B)). Claimants for whom compliance has been accomplished by this means are designated in Schedule A as "Direct Claimant (Not Represented by PI Firm)."

2.    Schedule A lists all Scheduled PI Claimants, totaling 1651.[3]  As of the time this Report was filed, proofs of claim have been filed on behalf of 1,276 (approximately 78%) claimants.[4]  The Trustee has received last known addresses on behalf of 163 claimants.  The

---

[2] On October 5, 2023, counsel who filed proofs of claim as representatives on behalf of some Scheduled PI Claimants submitted Requests for Electronic Notice to the Clerk's Office.  Pursuant to the Order entered on October 6, 2023 (ECF No. 293), the Court ordered that no action be taken on such requests on grounds that the requests were completed by attorneys representing creditors, and not creditors themselves.

[3] The Schedules listed 46 creditors who are not personal injury claimants.  Such creditors, including defense counsel, insurers and counsel to insurers, are identified on Schedule A as "Non-PI Injury Claimant / Other Creditor."

[4] In addition to proofs of claim filed on behalf of Scheduled PI Claimants, 278 proofs of claim have been filed on behalf of claimants not identified on the Debtor's schedules. Such creditors have been included on the Amended Service Lists filed by the Trustee, but are not identified on Schedule A..

Trustee has received additional information from Listed Law Firms demonstrating that (i) 25 Scheduled PI Claimants were listed as duplicates on the Debtor's schedules (identified on Schedule A as "Duplicative Claimant"), (ii) 19 Scheduled PI Claimants have never been represented by the Listed Law Firm, and thus the Listed Law Firm is unable to supply the last known address of such claimants (identified on Schedule A as "Claimant Not Represented by Identified Firm / No Further Contact Info), and (iii) 16 Scheduled PI Claimants no longer holding claims against the Debtor have either signed Requests for Removal from the service list, or have supplied the Trustee with a copy of an order dismissing their claims against the Debtor (identified on Schedule A as "Request for Removal Received").[5]  Compliance has not yet been accomplished for 151 Scheduled PI Claimants (excluding duplicates, claimants for whom no last known address can be ascertained, or claimants who have requested removal from the service list), represented by 34 Listed Law Firms (each, a "Non-Complying Law Firm").  A list of the Non-Complying Law Firms and the Scheduled PI Claimants they represent for which compliance under the Service Procedures Order remains outstanding (the "Remaining PI Claimants") is attached hereto as Schedule B.

As the next step toward obtaining full compliance with the Service Procedures Order, the Trustee requests that the Court issue a Supplemental Order, in the form submitted herewith, ordering compliance by the Non-Complying Law Firms by no later than November 16, 2023 to allow the Trustee to further follow up with each Non-Complying Law Firm.  To the extent any such Non-Complying Law Firms does not comply with the deadline set forth in the Supplemental Order, the Trustee will file a motion requesting further action to achieve compliance, including but not limited to a request for Rule 2004 motion of any Non-Complying Law Firm, or an Order of sanctions for non-compliance, including but not limited to reimbursement of the bankruptcy

---

[5] The Trustee intends to retain copies of such removal requests and Court orders through the conclusion of the case.

estate for its professional fees and other expenses in enforcing the Service Procedures Order and any supplemental order.

3.      The Trustee requests that a further status conference be scheduled after November 16, 2023. The Trustee intends to file an updated Compliance Report prior to such status conference.

          Respectfully submitted,

          GEORGE I. ROUMELIOTIS, CHAPTER 7 TRUSTEE

          By his counsel,

          /s/ *Taruna Garg*
          Daniel C. Cohn, Esq. (*pro hac vice admitted*)
          Taruna Garg, Esq. (ct28652)
          Murtha Cullina LLP
          107 Elm Street
          Stamford, CT 06902
          Telephone: (203) 653-5400
          dcohn@murthalaw.com
          tgarg@murthalaw.com