UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | : | |
|---|---|---|
| In re | : | (Chapter 7) |
| | : | |
| THE NASH ENGINEERING COMPANY, | : | CASE NO. 21-50644-JAM |
| | : | |
| Debtor. | : | December 7, 2023 |
| | : | |
| | : | |

**TRUSTEE'S FINAL REPORT ON COMPLIANCE WITH ORDER ESTABLISHING PROCEDURES FOR SERVICE UPON PERSONAL INJURY CLAIMANTS**

On August 11, 2023, this Court entered an Order Granting in Part Motion for Order to Establish Procedures for Service Upon Personal Injury Claimants [ECF No. 244] (the "Service Procedures Order") establishing requirements for service of notices and pleadings in this case upon asbestos personal injury claimants listed in the Debtor's filed schedules ("Scheduled PI Claimants"). The Trustee is pleased to report that compliance has been achieved as to 100% of the Scheduled PI Claimants who continue to assert claims against the Debtor, as shown on the attached Schedule A, which sets forth a listing of all Scheduled PI Claimants and designating the means of compliance as to each claimant.

1. The Service Procedures Order required, in summary, that for each Scheduled PI Claimant (all of whom were scheduled with an address in care of a law firm representing such claimant in a prepetition tort suit against the Debtor (for each such claimant, the "Listed Law Firm")), the Listed Law Firm, not later than the Deadline, take one of five actions designated in the Service Procedures Order:

    (a) **Consent to Service Form.** The Scheduled PI Claimant signs (with notarization) a consent in the form of Exhibit B to the Service Procedures Order permitting the Listed Law Firm to be served on behalf of the claimant, and the

13230687v2

Listed Law Firm files a Consent to Service in the form of Exhibit A to the Order (see Order ¶ 3(A)).

(b) **Electronic Service Request.** The Scheduled PI Claimant completes and files the Court's local form for electronic service (see Order ¶ 2(A)).

(c) **Notice of Appearance.** A lawyer admitted before the Court files an appearance on behalf of the Scheduled PI Claimant (see Order ¶ 2(CAs of the date of the filing of this Report.

(d) **Proof of Claim.** A bankruptcy proof of claim form is completed and filed by or on behalf of the Scheduled PI Claimant (see Order ¶ 2(B)).

(e) **Last-Known Address.** The Listed Law Firm supplies the Trustee with the Scheduled PI Claimant's name and last-known address (see Order ¶ 3(B)).

2. Schedule E/F to the Debtor's schedules identified a total of 1,696 creditors, of which 1,649 comprised Scheduled PI Claimants.[1] Proofs of claim have been filed on behalf of 1,396 (approximately 85%) Scheduled PI Claimants, which claimants are identified on Schedule A as "POC Filed." The Trustee received last known addresses on behalf of 18 claimants, identified on Schedule A as "Direct Claimant (Not Represented by PI Firm)." The Trustee received information supporting removal of 234 Scheduled PI Claimants from the service list, including information showing that (i) claims held by such Scheduled PI Claimants were dismissed or settled, or (ii) such claimants no longer assert claims against the Debtor. In accordance with this Court's suggestion, the documents received by the Trustee that form the basis to remove such claimants were filed by the Trustee as Exhibits to Amended Service Lists filed on November 2, 2023 (ECF No. 318), November 22, 2023 (ECF No. 322), and December 7, 2023 (ECF No. 326). Claimants removed from the service list are identified on Schedule A as "Settled / Dismissed" and "Requests for Removal Received." Finally, on December 6, 2023, the Debtor filed Amended

---

[1] The Schedules listed 47 creditors who are not personal injury claimants. Such creditors, including defense counsel, insurers and counsel to insurers, are identified on Schedule A as "Non-PI Injury Claimant / Other Creditor."

Schedules E/F to remove one Scheduled PI Claimant who had been listed on the original Schedules in error (ECF No. 325).

Now that the Trustee has assembled a service list reflecting means of serving, in compliance with the Service Procedures Order, 100% of the Scheduled PI Claimants who continue to assert claims against the Debtor (the "Complete Service List"), the Trustee intends to serve all future pleadings and notices on the Complete Service List (to which the Trustee shall add any claimant filing a proof of claim in the future), except to the extent that this Court authorizes service of any particular notice or pleading on a less inclusive service list. The Trustee has served the pending (i) *Application of the Chapter 7 Trustee to Employ Ankura Consulting Group, LLC as Expert (ECF No. 220); (ii) Application for Authority to Employ and Appoint Verdolino & Lowey, P.C., as Accountants for the Bankruptcy Estate (ECF No. 230)* on the Complete Service List, as reflected on Certificates of Service filed by the Trustee (ECF Nos. 317, 320, 321, and 324).

    Respectfully submitted,

    GEORGE I. ROUMELIOTIS, CHAPTER 7 TRUSTEE

    By his counsel,

    __/s/ *Taruna Garg*_____
    Daniel C. Cohn, Esq. (*pro hac vice admitted*)
    Taruna Garg, Esq. (ct28652)
    Murtha Cullina LLP
    107 Elm Street
    Stamford, CT 06902
    Telephone: (203) 653-5400
    dcohn@murthalaw.com
    tgarg@murthalaw.com